**STATE of Missouri, Respondent,**

v.

**Ricky Lee GRANT, Appellant.**

**No. 51586.**

Missouri Court of Appeals,
Eastern District,
Division Seven.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer Denied April 9, 1987.

Application to Transfer Denied May 19, 1987.

Deborah Stockhausen, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES D. CLEMENS, Special Commissioner.

A jury found defendant, Ricky Lee Grant, guilty of armed robbery, armed criminal action and assault second degree. The trial court sentenced him to concurrent terms of imprisonment of ten years, three years and one year.

On appeal defendant's only point challenges one part of the prosecutor's closing jury argument.

Defendant thereby contends there was an improper reference to his post-arrest silence. The State contends the prosecutor thereby referred to a statement defendant had in fact made to police.

On this, police testified that they had given defendant MIRANDA warnings, and he then told them he had taken the radio but did not shoot the victim. This did not refute testimony defendant's companion had done so.

Defendant's challenge here arises from the State's closing argument. In substance, the prosecutor then argued: "And he's so interested in proving his innocence. . . . that what he says . . . to the policeman who arrested him is what robbery[?] . . ." Defense counsel objected on the ground the prosecutor was attempting to infer defendant had something to hide by remaining silent. The trial court ruled: "I don't think it's an improper comment."

This defense argument ignores the record showing defendant had told police he had stolen the victim's radio.

A trial court controls jury argument and its discretion in ruling thereon will not be disturbed absent a showing of clear abuse. See the host of such cases in 15 Mo.Dig.2d, Key 1154.

We hold the trial court was not clearly erroneous.

Affirmed.

CRANDALL, P.J., and GARY M. GAERTNER, J., concur.